UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLOMON A. JONES,

               Plaintiff,

        -against-

JP MORGAN CHASE & CO,

               Defendant.

25-CV-6866 (GBD)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under this Court's federal question jurisdiction, asserting a claim under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. [1] Plaintiff holds an Individual Retirement Account ("IRA") with Defendant JP Morgan Chase & Co. ("Chase"). He alleges that he has repeatedly tried to "link and/or transfer money" through the "Chase Mobile App" from his IRA account to an "external checking account" at a different bank, Pathward, N.A. ("Pathward"), but has been unable to do so, and that the problem lies with Chase, because: (1) after the Pathward account is "linked and verified" in the Chase app, it is repeatedly "unlinked" for no apparent

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

reason; and (2) the name on the account that Chase sends to Pathward is different from what is on Plaintiff's account. (*Id.*) (ECF 1 at 5.)

According to Plaintiff, the "main service" he has been "trying to conduct is a [$250] withdrawal from" the Chase IRA to his Pathward checking account from the Chase Mobile app, and that 20 attempts between January and July 2025 were unsuccessful. (*Id.* at 6.) He alleges that he has spoken with customer services representatives in different departments at Chase on at least 20 occasions. (*Id.*) Plaintiff even tried to open a Chase checking account "so that there would not be an issue verifying an external account," but his application was rejected. (*Id.*)

Seemingly unrelated to this problem, Plaintiff also asserts that Defendant converted, merged, or "transferred over" several different IRA accounts into one account without his permission. (Cite) Plaintiff does not explain how much money is in the IRA account altogether, whether he has been able to access those funds otherwise, or any of the circumstances surrounding the merging of the different accounts.

Plaintiff asserts that these issues constitute violations of EFTA, 15 U.S.C. §§ 1693—1693r, Regulation E -12 C.F.R Part 1005. (*Id.*) Plaintiff seeks money damages, injunctive relief, and appointment of counsel. (*Id.* at 7.)

**DISCUSSION**

**A.    Federal claims**

Plaintiff asserts a claim under EFTA, which applies to any unauthorized transfer of funds that is initiated through an electronic terminal so as to authorize a financial institution to debit or credit an account, such as ATM and PIN-based point-of-sale cash withdrawals. *See* 15 U.S.C. § 1693g; *New York by James v. Citibank, N.A.*, 763 F. Supp. 3d 496, 507 (S.D.N.Y. 2025) (explaining that EFTA "allocates loss from unauthorized electronic fund transfers ('EFTs') from consumer accounts"). EFTA's implementing regulation defines an "electronic fund transfer" as

3

"any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." 15 U.S.C. § 1693f(a); 12 C.F.R. 1005.11(a)(vii).

To state a claim under Regulation E of EFTA, a plaintiff must allege that the accounts in question

> 1) were demand deposit, savings deposit, or other asset accounts; 2) established primarily for personal, family, or household purposes; and 3) that the unauthorized electronic fund transfer was 'initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account.

*Zaidi v. JP Morgan Chase Bank, N.A.*, No. 19-CV-1080, 2021 WL 848864, at *3 (E.D.N.Y. Mar. 5, 2021) (third alteration in original) (citing *Apostolidis v. JP Morgan Chase & Co.*, No. 11-CV-5664, 2012 WL 5378305, at *5 (E.D.N.Y. 2012)). An "unauthorized electronic fund transfer" under Regulation E is defined as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit," subject to certain exceptions not relevant here. 15 U.S.C. § 1693a(12); *see Aikens v. Portfolio Recovery Assocs.*, LLC, 716 F. App'x 37, 40 (2d Cir. 2017) (explaining that an "unauthorized electronic fund transfer" requires that the "the consumer receive[ ] no benefit" from the transfer).

The complaint does not state a Regulation E violation, because Plaintiff does not allege that there was an unauthorized electronic fund transfer from his account. Instead, Plaintiff's main complaint is that Defendant is failing to act on *his* requests to transfer money from his own Chase account to an external account. Plaintiff's secondary complaint appears to be that Chase consolidated several IRA accounts without his permission. Neither of these allegations give rise to actionable claims under EFTA, or any other federal causes of action of which the Court is aware.

4

Accordingly, Plaintiff's complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     State law claims**

Plaintiff's pleading could arguably give rise to claims under state law. Plaintiff does not, however, allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action.[2]

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998).

---

[2] In addition to asserting state law claims under the court's diversity jurisdiction, a second way in which a federal court can consider state-law claims is under its supplemental jurisdiction. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Courts generally "recognize[ ] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Where a complaint does not contain facts suggesting that the amount in controversy exceeds $75,000.00, however, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

It is not clear from the complaint that this Court has diversity of citizenship jurisdiction of this matter. There appears to be diversity of citizenship; Plaintiff resides in Georgia, and sues Chase Bank at its New York address, although Chase is a citizen of Ohio for diversity purposes. *See Gutierrez v. JP Morgan Chase Bank*, No. 09-CV-2257 (LAK), 2009 WL 1059636, at *1 (S.D.N.Y. Apr. 13, 2009) (recognizing that JP Morgan Chase Bank is a citizen of Ohio for diversity purposes); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006) (holding that for purposes of diversity jurisdiction, a national bank resides only in the state designated in its articles of association (and not in each state in which it has branch offices)). But Plaintiff alleges no facts suggesting that the amount in controversy exceeds $75,000. The only monetary amount discussed

in the complaint is the $250 that Plaintiff has been unable to transfer between accounts. Accordingly, the Court dismisses any state-law claims Plaintiff is alleging without prejudice, because the complaint does not establish that diversity jurisdiction exists. *See* Fed. R. Civ. P. 12(h)(3).

## C.   Leave to replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint, should he wish to do so.[3]

## D.   Request for counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

---

[3] The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer with details is attached.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. The Court denies the request for counsel without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

**SO ORDERED.**

Dated:    JUN 17 2026
New York, New York

GEORGE B. DANIELS
United States District Judge