UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLOMON A. JONES,

Plaintiff,

-against-

JP MORGAN CHASE BANK N.A.;
PATHWARD N.A.,

Defendants.

25-CV-6866 (JAV)

ORDER OF SERVICE

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action pursuant to the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, the Expedited Funds Availability Act, 12 U.S.C. § 4003, and state-law claims of conversion and breach of contract.[1] By order dated December 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Additionally, on October 6, 2026, Plaintiff moved for a 90-day extension of the time to effectuate service. ECF No. 19.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

[1] On July 10, 2026, Plaintiff filed an amended complaint in response to a *sua sponte* order issued by the Hon. George B. Daniels. The matter was then reassigned to my docket.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the amended complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants JP Morgan Chase Bank, N.A. and Pathward, N.A. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the amended complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Defendants JP Morgan Chase Bank, N.A. and Pathward, N.A., complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff, and to terminate ECF No. 19 as moot.

SO ORDERED.

Dated: October 9, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. JP Morgan Chase Bank, N.A.
   1414 Woodward Avenue
   Ruston, LA 71270-2015

2. Pathward, N.A.
   5501 S. Broadband Lane
   Sioux Falls, S.D. 57108